Good morning, your honors. Kevin Little on behalf of the appellants in this matter. Your honor, the essential reason why this case is before this court is because the district court misapprehended the basis of the plaintiff's section 1983 claim as seeking to vindicate the right to use medical marijuana when in fact this case was essentially a false arrest case under section 1983. Well, if you read the complaint, it's the first amended complaint, which is the operative complaint that was dismissed without leave to amend. It is not a model of clarity. Well, your honor, the Federal rules even post-Iqbal don't require models of clarity in order for cases to proceed. What is required is essentially that the allegations, the plain and statement of the case under Rule 8a provide plausible detail so that the court can find that the case should go forward. All of the evidentiary detail that might be provided at trial may not be provided at the trial court level. And also, as this court recently stated in Al-Kid, you don't even need to hit all of the elements to satisfy the summary judgment standard at the pleading stage. I got the impression from the complaint that Brooke had marijuana on her possession. Am I correct or incorrect on that? That is incorrect. That was what she was arrested for. The complaint alleges that that was a false allegation. Because I know there was the allegation that this was not the type of marijuana that her father grew. Right. So you're telling me it was not true. She did not have marijuana on her possession. Correct. I believe later in that same paragraph of the Second Amendment complaint it says that those allegations were contrived. And again, perhaps while not a model of the utmost clarity, that is intended and that allegation was intended to relay the fact that she was not in possession of any marijuana. It's a question. Why couldn't you have just alleged she wasn't doing anything wrong, she didn't have marijuana on her possession, and then she was arrested without probable cause? You alleged the last. There was no probable cause. But you didn't allege she wasn't doing anything wrong, she was minding her own business, and she had no marijuana on her possession. Right. I believe in the Second Amendment complaint, the operative complaint, we alleged and I believe the district court quotes the language of it on pages 57 through 60 of the, it's in the excerpts of record. We alleged that she was arrested without factual basis. The alleged factual basis was contrived. There was scientific evidence that she had not ingested marijuana. The marijuana that they claim they seized from her was not even from a botanical aspect similar to what her father grew or possessed and was authorized to use. So again, while not perhaps succinct, all of those allegations taken cumulatively certainly I believe pass the plausibility test under ICPL. So as I understand it, your constitutional claims are lack of probable cause. Lack of probable cause. As to arrest. And with respect to. Not to be subject, and here's another one, not to be subjected to malicious prosecution. Yes, Your Honor. That's different than probable cause, correct? That is. Right. And not to have their property searched and seized unlawfully without a valid warrant. As to Mr. Allen with respect to the initial arrest, yes. Right. And their rights not to be subject to discriminatory, selective, arbitrary, and retaliatory enforcement of the laws, sort of a discrimination claim. Right, an Armstrong claim, yes. What's constitutional about the common law right not to be maliciously prosecuted? There's nothing in the Constitution about that, is there? No, but this Court has decided in the Brett's case and the Supreme Court and all rights that if you show malicious prosecution plus. Well, a false arrest is a violation of the Fourth Amendment. That is correct, Your Honor, yes. But malicious prosecution is just a tort, a common law tort, isn't it? In cases where you can prove at trial or in the evidentiary phase that the officers had an intent to violate the constitutional rights in connection with the malicious prosecution. Right. Yes. The malicious prosecution claim, Your Honor, was intended to track this Court's holding in Brett's v. Kelman and subsequent cases where essentially a constitutional tort of malicious prosecution was established. So what do you think the district court was up to? Well, I can only speculate, but I think. Well, the judge wrote several memorandum orders setting forth his. So what do you think he was concerned about? I think that the red herring sexiness of the medical marijuana issue affected the evaluation of what at bottom was really just not an unusual Section 1983 case. This is simply a false arrest, malicious prosecution slash selective prosecution case. We're not seeking to. No, what's the alleged factual basis or the facts contained in the complaint that would suggest that a plausible claim of discriminatory selective prosecution? With respect to the selective prosecution claim, the plausible allegations primarily pertain to the allegations regarding what the policy is for prosecuting in Fresno County, that notwithstanding the recognition since 2002 of Proposition 215 that Fresno County, which by the laws itself establishes if you're in possession of your Prop 215 card immunity from arrest, that notwithstanding that, that people, Prop 215 cultivators and users were still being arrested for State drug trafficking laws. Are there allegations in there to that effect? I believe with. The second amended complaint in the second amended complaint, whatever the operative complaint. Yes, Your Honor. There are with respect to the allegations pertaining to that. I have to point the court to the second amended complaint, which appears on page 36 of the excerpts of record and the allegations pertaining to that appear on page 38 of paragraph 7, where it says, The county of Fresno is being sued under the Federal civil rights laws as a result of its unconstitutional customs and policy regarding selective, discriminatory and or arbitrary investigation, arrest and referral of prosecution of persons who are authorized under State law to use and cultivate marijuana for personal medicinal purposes, even though such persons cannot be convicted under California's criminal laws, et cetera. Okay. Would you like to save the rest of your time for rebuttal? That would be fine, Your Honor. Thank you. Good morning, Your Honor. I'm James Weakley. I'm here for the appellees. As the Court knows, the we're here because of the district court's ruling, eventual ruling, that the complaint should be dismissed without leave to amend. And just to clarify something earlier, I think the Court said that it was the first amended complaint that was the operative complaint. Right. That's correct. I misspoke. The plaintiff was actually given three opportunities to state facts sufficient to state a claim for which relief can be granted. Of course, the first complaint was filed. A motion to dismiss was filed as to that. Instead of responding to that complaint before the hearing, the plaintiff filed the first amended complaint. It was the first amended complaint that the district court made its June 14th, 2007 ruling, outlining the deficiencies and the concerns of the court and giving the plaintiff 60 days to amend. It was the second amended complaint that really didn't cure those defects, as the Court pointed out, and the reason the Court didn't allow further amendment, as the Court stated, is the Court presumes that the second amended complaint was the plaintiff's best effort to cure the defects the court specifically set out in its June 14th order. And because the plaintiff didn't cure the defects. When doesn't the second amended complaint state a cause of action for a violation of the Fourth Amendment, for arrest without probable cause? Because all it does is make a legal conclusion. What's the legal conclusion? That there was an arrest without probable cause. What more do they need to say? I think the court, the court. They don't know. I mean, one doesn't know what the, you know, probable cause turns on what the information the officers had at the time they made the arrest. Well, and what the circumstances were surrounding the arrest. For example, if we go to the claim against the City of Fresno, which was the first arrest, the plaintiff doesn't claim or allege whether there's a warrant or not. Was it a warrantless search or warrant search? What were the circumstances surrounding the search? What were the circumstances surrounding the arrest? We know there was a warrant, but that's not alleged in the complaint. The second arrest, which occurred later, was the arrest of the daughter, Brooke, on school grounds, and the Court asked earlier whether or not she had marijuana. In fact, we know that she did because of the student. So she's supposed to allege she didn't have marijuana? Pardon? She's supposed to allege that she didn't have any marijuana? I think she would have to. Why is that? Would the police officers know that? Because if the probable cause you look at what the, in deciding whether or not. And when we're in that, when we're in Section 1983 civil litigation, probable cause is really a factual issue that goes to the jury. Right. On the criminal side, a motion to suppress, it's a legal conclusion that goes to the judge. I thought probable cause was a question for the Court even in a civil case, although factual questions can be submitted to the jury. My understanding is that in 1983 lack of probable cause, that goes under our case law, that question goes to the jury. In a criminal case, the question goes, is for the judge to decide whether or not probable cause is established. But what more, you look at what information the officers had at the time they make the seizure or the arrest. I think the, according to the. So what, what, how is the plaintiff ever supposed to, to meet that? Well, the plaintiff is certainly there when the arrest occurs, and the plaintiff has the police reports and the circumstances surrounding the arrest, and the plaintiff can plead around to establish a lack of probable cause. When all the plaintiff does is say there's no probable cause to arrest, it really doesn't. Well, I'm just looking at paragraph 11 of the Second Amended Complaint. It says these allegations were patently contrived and false, and the involved officer knew at the time that they were false, that probable cause was lacking. What, what more, what more can you allege about a false arrest? What, which allegations are false? We don't know which allegations are referring to. It doesn't specify in paragraph 10 that, that she was peddling dope on the campus and so on. Well, it doesn't specify which of the specific allegations are patently false. It doesn't specify which officers did what, what the plaintiff's claiming which officers did what. Each officer's in the case. Well, in the old days when we used to have demurrers to complaints, we could entertain an argument like that, but nowadays you used to have notice pleading, claiming false arrest, claiming there was no probable cause. The officer made false statements. That's all you need. Well, I think under the Supreme Court decisions. If the officer comes in and says these statements are all true, then it's not a false arrest. Under the Supreme Court decisions of Tuolumne and the Ashcroft decisions, the plaintiff must state claims to relief that are plausible on their face. Well, what's the why isn't this claim plausible here? There's not a false.  That's a legal conclusion. It's not a legal conclusion. It's there are not enough facts so the individual officers know what's going on. Let me ask you this. If you were to go to trial, who bears the what would the officer's position would be? The officer's position would be that the arrest in the first instance. They would come forward with what information they had when they made the decision to arrest, correct? Correct. Right? So we don't know what they're thinking, right? Do we? Well, the plaintiff knows the circumstances surrounding the arrest. All they have to do is allege what facts they're claiming against which officer. But it still misses the point. I'm not sure when, if probable cause, if the statement that the arrest was false. Let me ask you. Here's another fact that is in this complaint. I think they go on to say that when he was arrested, Alan was arrested, it was later dismissed? Or that there was no charges were filed? Well, he pled, I believe it was Nolo, to a misdemeanor. All right. So he did plead guilty, or Nolo, to a misdemeanor, yet at the same time he claims that he was entitled to have marijuana because he's a medical marijuana addict. What was the misdemeanor that he pled to? To be honest with you, I don't know. My understanding is that a deal was made for him to plead guilty to a misdemeanor so charges wouldn't be brought against his daughter. But that's beyond the face of the pleadings. And it depends on which arrest. But, you know, there's no question that the Supreme Court in Twombly and Iqbal is concerned that, you know, the allegations in the complaint just can't be a functory of conclusory statements that don't suggest that discovery would lead to, you know, possibility or it's plausible that the plaintiff could prove their claim. The Court is not, the Court does not, it says they're not talking probability that the plaintiff's going to prove his claim. They just want to make sure that there are sufficient facts to allow the case to go forward to the next step, which would be discovery. They don't abandon complete no-displeading. They tell us that the standard that evolved with respect to no possible set of facts has got to go, and that's too low. And they bump it up a notch, but they don't, they're not telling us that, and they also tell us that you have to look at the context. And that's what concerns me here, is when you're dealing with probable cause, it's, you know, it's, you look at what information the officers knew, and then you assess whether or not they had probable cause to make the arrest. Or, you know, sometimes they arrest somebody for X crime, but they really, the real crime might be some other crime, because it's all objective. Well, one of the reasons for the more stringent requirements in pleading plausibility is so that officers can determine whether or not they're entitled to raise qualified immunity at the earliest possible stage. And each officer can raise qualified immunity any time you want. But one of the reasons for qualified immunity is to let officers out of a lawsuit so they don't have to go through the discretion. You can raise it on a response, you can raise it on a motion to dismiss. That doesn't stop you from doing that. You can raise it any time. I think the Court encourages qualified immunity to be raised at the earliest possible opportunity. So the officers should be entitled to know what the claims are against them as individuals. Well, they could say in response to this complaint here, they could file a motion to dismiss on the grounds that they had a warrant for his arrest. We're entitled to qualified immunity. You can't see the claim for relief. Correct? I understand. Okay. Now, just because I'm giving you a hard time about the probable cause claim doesn't mean that there isn't some concern here about some of the other allegations in the complaint. Well, one of the concerns, and I'm frankly still confused about the case against the City of Fresno, the only allegation is that in 2003, Tommy Allen was arrested and prosecuted because he was authorized to cultivate and grow marijuana for personal medical purposes, yet the plaintiff is saying that the Court misinterpreted that claim, that there's not really a claim that he was falsely arrested because he was a medical marijuana user. So the only fact as to the City of Fresno seems to be contrary to the assertion that the appellant is now taking. So that certainly as to the City of Fresno, if the appellant's not claiming that there was a false arrest because he was arrested merely because he's a medical marijuana user, then as to the City of Fresno, the case should be dismissed anyway. As to the City of Fresno police officers, the City of Fresno is not really a party in the lawsuit. So even that pleading is so unclear, the individual officers don't know how to prepare a response. Are there any other questions or?  Verrilli, Your Honor, just to pick up on the last point, the complaint in paragraph 8, the operative complaint, and this is page 38 of the excerpts of record, alleges that the – with respect to the City of Fresno officers, that they knew at the time that they arrested Mr. Allen that he was medically authorized and that California authorized his use in cultivation, and that they disregarded this and nonetheless proceeded to arrest and file a case for prosecution. Can they arrest him for a violation of Federal law? Consistent with the Attorney General's opinion, which appears in the excerpts of record, I believe on page 51, the lead law enforcement officer of the State of California has construed the California drug laws as not permitting a State official, unless he's deputized in a Federal task force or something of that nature, to arrest someone for a Federal drug crime. With respect to the allegations in the complaint, Iqbal doesn't legislatively overrule Federal rule of civil procedure 8, I mean, judicially overrule Federal rule of civil procedure 8. A short and plain statement is still required, it's just reviewed for sufficiency under a different standard. The standard now is not if under any scenario it could be deemed sufficient, but it has to rise to the level of a plausibility standard, which the Court has made clear is not a probability standard. Kennedy. Well, Judge Ishii ruled that Federal law doesn't offer any protection for persons who are arrested for growing or possessing marijuana, and therefore, the fact that State law might offer some protection is not relevant in this case, I guess. He goes to the bottom line of the case and says they can't, no matter how well they plead it, it ends up being a case where their defense is going to be not that they didn't possess marijuana, but that they possessed it under a possession license which was granted by a local doctor under a State law, sort of like a hunting license. You're carrying a rifle in the woods and you might be hunting or you might be poaching. If you have a license, you're not poaching. And that's their defense. But what they allege in their civil action for damages is that, notwithstanding that there might be a no Federal right to possess marijuana, they were arrested on made-up charges that were false, that the officers knew were false when they made up the charges. That's the way I read paragraphs 10 and 11 of your complaint. Yes, Your Honor. And so I think the City's problem is to get past this summer judgment stage and then defend on the ground that they have no legal right to possess and carry this stuff anyway, no Federal, no Federally recognized right. Right. The district court, again, I think was mis-construed the claim as a right to use medical marijuana. I think at one point in the opinion says it would be delicious irony if someone could file a 1983 claim to vindicate a right that's not protected under Federal law. And that really was not the situation here at all. The situation was that the plaintiffs were trying to vindicate their Federal constitutional right with respect to something that didn't constitute a crime under State law, at least not as to these parties. Unless there are any further questions, Your Honor, I'll submit. Did you ask for leave to amend the second amended complaint? Yes, we did. And the my reading of the Court's order is that the principal reading, I'm sorry, the principal reason why leave to amend was not granted was that, again, the Court found that there was no Federal right that was being invoked. There was also some discussion that the factual allegations hadn't been enhanced, but I think we've addressed those points. Okay. Thank you. Thank you. Thank you, Counsel. The matter will be submitted.
judges: Carney, Goodwin, Paez